**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

| | |
|---|---|
| ONE PLUS CORP., <br><br> Plaintiff, <br><br> v. <br><br> HARMONY ENTERPRISES, INC., <br><br> Defendant. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, One Plus Corp. ("One Plus" or "Plaintiff"), alleges the following for its complaint of patent infringement against Harmony Enterprises, Inc. ("Harmony" or "Defendant").

**NATURE OF THE ACTION**

This is an action for patent infringement of (1) United States Patent No. 6,360,186 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '186 Patent"), (2) United States Patent No. 6,408,261 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '261 Patent"), and (3) United States Patent No. 6,687,656 entitled "Systems for Remote Management of a Network of Waste Containers" ("the '656 Patent"), each owned by One Plus, under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.* True and correct copies of each Patent ("the patents-in-suit") are attached hereto as Exhibits A – C.

**THE PARTIES**

1.	Plaintiff One Plus is an Illinois corporation with a principal place of business at 3182 MacArthur Blvd., Northbrook, Illinois 60062. One Plus manufactures and sells and is a leading provider of systems for monitoring and controlling waste compactors, and related products.

2.	On information and belief, Defendant Harmony is a corporation organized and existing under the laws of Minnesota, with its principal place of business at 704 Main Avenue, Harmony, Minnesota 55939.

**JURISDICTION AND VENUE**

3.	This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

5.	Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendant has transacted business in the State of Illinois and Defendant has committed and continues to commit acts of patent infringement in Illinois, and Defendant has a regular and established place of business in this Judicial District.

6.	Upon information and belief, this Court has personal jurisdiction over the Defendant at least because the Defendant transacts business in the State of Illinois, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business in Illinois, engaging in other persistent courses of conduct, maintaining continuous and systematic contacts in Illinois, purposefully availing itself

of the privileges of doing business in Illinois, and/or deriving substantial revenue from goods and services provided to individuals in Illinois.

7. Defendant, and its affiliates, own and utilize a national distribution network, which Defendant refers to as supplyFORCE, to distribute their infringing and other products. That national distribution network includes Chicago-based and other distributors based in the Northern District of Illinois. *See* Exhibit D, "supplyFORCE Location Result," https://www.supplyforce.com/SupplyForce/locationResult.action?viewall=&primaryVertical=ISD&locState=IL&resultPage=10&pageNo=10; Exhibit E, "About Werner Electric," http://harmony1.com/?s=distributors; Exhibit F, "National Accounts," http://www.wernermn.com/resources/national-accounts.html. Defendant does business in this District, is committing acts of infringement in this District, and has a regular and established place of business in this District.

8. Further, Defendant has sold and/or offered for sale the accused Insite™ and/or SP20 SmartTrash® waste management systems and product in this District. It has become known to One Plus, through industry communications, that Defendant has offered to sell, and/or has sold, the accused Insite™ waste management system at least to Lowe's Companies, Inc. in this District for use throughout this District and throughout Illinois. Defendant also offers to sell its SP20 SmartTrash® syemtem in this District.

## THE PATENTS-IN-SUIT

9. One Plus is and has been at all relevant times the owner by assignment of the '186 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on March 19, 2002. A true and correct copy of the '186 Patent is attached hereto as Exhibit A.

3

10. The inventions of the '186 Patent are applicable to systems and methods for remotely managing or monitoring waste container networks.

11. One Plus is and has been at all relevant times the owner by assignment of the '261 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on June 18, 2002. A true and correct copy of the '261 Patent is attached hereto as Exhibit B.

12. The inventions of the '261 Patent are applicable to systems for remotely managing waste container networks.

13. One Plus is and has been at all relevant times the owner by assignment of the '656 Patent, entitled "Systems for Remote Management of a Network of Waste Containers," which the United States Patent and Trademark Office duly issued on February 3, 2004. A true and correct copy of the '656 Patent is attached hereto as Exhibit C.

14. The inventions of the '656 Patent are applicable to systems and methods for remotely managing waste container networks.

## DEFENDANT'S INFRINGING ACTIVITIES

15. Defendant is a manufacturer of waste and recycling equipment. Upon information and belief, with knowledge of the '186, '261, and '656 patents, Defendant owns, operates, sells, offers for sale and or/disseminates or makes available for dissemination waste and recycling systems and equipment, including systems and equipment for remotely managing and/or monitoring waste container networks, which implement, among other things, the technology embodied by one or more claims of the '186, '261, and '656 patents.

16. By way of example, upon information and belief, Defendant owns, operates, sells, offers for sale, and or/disseminates or makes available for dissemination a system it sells

4

under the trade name Insite™, and systems it sells as SP20 SmartTrash®. Upon information and belief, Defendant's Insite™ and/or SP20 SmartTrash® waste management systems includes one or more waste compactors, which may include, for example, the Defendant's SmartPack™ Automatic Trash Compactors.

17. Upon information and belief, and for example, Defendant operated, sold, offered, or disseminated the Insite™ waste management system with SmartPack™ Automatic Trash Compactors from the United States for use at the 2015 French Open. On its website (excerpted below), Defendant states that "SmartPacks Trash Compactors at the French Open are equipped with Harmony Enterprises' exclusive 'Insite' wireless notification system. 'Insite' automatically alerts the facility's Waste Manager when the trash bin is approaching full so that trash related tasks can be completed on demand thus saving labor costs." *See* Exhibit G, "SmartPacks Manage Trash and Recycling at French Open," http://harmony1.com/recycling-at-french-open-roland-garros/.



Maximizing Recycling and Waste Collection at Roland Garros Facility

SmartPacks Trash Compactors at the French Open are equipped with Harmony Enterprises' exclusive "Insite" wireless notification system. "Insite" automatically alerts the facility's Waste Manager when the trash bin is approaching full so that trash related tasks can be completed on demand thus saving labor costs Using the SmartPacks at the French Open at Stade Roland Garros has made a huge difference in the required labor and overall efficiencies at the facility. Thibaut Poulier, Sales Manager at Harmony France explained, "Prior to having the Smart Packs Compactors, Roland Garros had 250 people managing the cleaning of the stadium, now only 180 people are needed. They used to empty the bins 25 times per day, now it is between 2 and 3 times, and never during the lunch rush. It is very nice that public does not see the staff emptying the bins while they area eating."

5

18. Upon information and belief, Defendant also installed and operated its Insite™ waste management system at the Dallas/Fort Worth Airport in Texas. *See* Exhibit H.

19. Upon information and belief, Defendant's Insite™ and SP20 SmartTrash® waste management systems measure and monitor, among other things, status information of waste containers such as waste container fullness, *i.e.*, when a waste container is approaching full of waste or trash. Marketing literature for the Insite™ system disseminated by Defendant, as shown below, describes the system as follows:



20. Upon information and belief, Defendant's Insite™ waste management system further communicates and/or displays, or causes to communicate and/or display, among other things, status information of waste containers such as waste container fullness. By way of example, Defendant's Insite™ waste management system communicates and/or displays or causes to communicate and/or display status information of waste containers, including

6

cycles/runtimes, waste container fullness or capacity, fault status, total runtime, and average cycles/day, as seen here:



Exhibit H, Sample Screenshot of Insite™ waste management system at DFW Airport.

21. Additionally, Defendant markets and sells a system it refers to as its SP20 SmartTrash® system, as follows:

> **SP20 SMARTTRASH®**
> The SP20 SmartTrash® combines advanced hardware, software, and communication technologies to reduce trash pickups of the SmartPack automatic trash compactors. It eliminates the need for your staff to physically check on the compactor for fullness, no need for them to schedule pulls, and with the added benefit of our reporting suite you will have access to environmental and cost savings reports.
>
> **Access through Computer or Smart Phone**
> Through your web browser, data from each SmartTrash® installed SmartPack is presented on your computer, showing if the SmartPack is near capacity, already full, or offline. Other notification options include sending email alerts to the custodians who are responsible for the SmartPack in need of service.
>
> - See more at: http://harmony1.com/products/smartpack/sp20-smart-trash/#sthash.VfH7Q3KM.dpuf

7

Exhibit I, http://harmony1.com/products/smartpack/sp20smarttrash/. Upon information and belief, Defendant's SP20 SmartTrash® waste management system measures and monitors, among other things, status information of waste containers such as waste container fullness, *i.e.*, when a waste container is approaching full of waste or trash.

22. Upon information and belief, Defendant's SP20 SmartTrash® waste management system further communicates and/or displays, or causes to communicate and/or display, among other things, status information of waste containers such as waste container fullness. By way of example, upon information and belief, the SP20 SmartTrash® waste management system communicates and/or displays or causes to communicate and/or display status information of waste containers, including cycles/runtimes, waste container fullness or capacity, fault status, total runtime, and average cycles/day.

## NOTICE TO DEFENDANT

23. Plaintiff has at all relevant times marked, and continues to mark, its patent numbers, including the numbers of all of the patents-in-suit, on the literature for its products, and on the websites for its products.

24. On November 3, 2015, One Plus sent Defendant a letter specifically identifying United States patents owned by One Plus, including specifically the patents-in-suit, and expressly put Defendant on notice of One Plus's Patent rights.

25. Further, Defendant is and has been at all relevant times aware of and familiar with the patented One Plus technology. For example, after attending a trade show in New Orleans, Louisiana in 2013, Harmony published the following on its website:

**NETWORKING AND LEARNING AT WASTE EXPO 2013**

MAY 31, 2013 BY HARMONY

> Recently, Ramon Hernandez, Nick Roberts, Brent Christiansen and Chris Cremer of Harmony Enterprises traveled to New Orleans, Louisiana for the annual Waste Expo. The Waste Expo is North America's largest solid waste and recycling tradeshow.
>
> The team from Harmony Enterprises walked the show floor, seeing what is new and upcoming in the waste and recycling industry. Ramon Hernandez, Customer Service Manager at Harmony Enterprises, noticed a common theme. He pointed out, "Like many other industries, the waste equipment and services industry is also going high-tech. There are many great advancements in the industry that will help us to better serve our customers." The Waste Expo was well attended, so the team from Harmony Enterprises had the opportunity to meet with several partners and customers while at the show. Two of the partners that Ramon met with are One Plus and Craft Equipment Company.
>
> **One Plus Corporation**
>
> One Plus offers a monitoring system for trash compactors that some of Harmony's customers use. Waste compactors with Waste Edge® technology installed will notify the waste hauler when it is full or in need of service. With Waste Edge® technology, pickups are only made when they are needed, resulting in fewer pickups and less cost. Managing your Harmony trash compactors for trash and recyclables is simplified and more efficient when it is integrated with a monitoring system like One Plus.
>
> - See more at: http://harmony1.com/waste-expo-2013/#sthash.vCwzm1bH.dpuf

Exhibit J, http://harmony1.com/waste-expo-2013/. And, the One Plus web page describing the One Plus Waste Edge® products specifically identified by Harmony, states, "The Waste Edge Systems are so unique, One Plus has been awarded nine US patents." Exhibit K, http://onepluscorp.com/about-us. Moreover, each Specification sheet for each One Plus product includes the One Plus patents that are believed to cover that product, each of which is, and has been at all relevant times, available on the One Plus website. Exhibit L (Specification sheets for One Plus Waste Edge®, Waste View®, Packer Alert™ and Alert Plus™ products). Defendant Harmony is and at all relevant times has been fully aware of the patents and the patented technology of One Plus.

26. Defendant does not have a license to the '186, '261, and '656 Patents.

27. An actual controversy of such immediacy and reality as to warrant immediate injunctive relief exists between One Plus and Defendant, as discussed in more detail below.

9

## COUNT I:
## INFRINGEMENT OF THE '186 PATENT

28. The allegations of preceding paragraphs 1-27 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

29. Under 35 U.S.C. § 271, Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '186 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Insite™ and/or SP20 SmartTrash® waste management systems and related products and services.

30. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States its Insite™ and/or SP20 SmartTrash® waste management systems before the expiration of the '186 Patent constitutes direct infringement of one or more claims of the '186 Patent.

31. Upon information and belief, Defendant, with knowledge of the '186 Patent, and without authority, has actively induced, and continues to induce, infringement by its customers of at least one or more claims of the '186 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of its Insite™ and/or SP20 SmartTrash® waste management systems and related products, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '186 Patent.

32. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Insite™ and/or SP20 SmartTrash® waste management systems and related products to monitor and manage waste container

10

networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '186 Patent.

33. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Insite™ and/or SP20 SmartTrash® waste management system and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of its Insite™ and/or SP20 SmartTrash® waste management systems and related products, for example by publishing literature encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management system and related products in ways that directly infringe one or more claims of the '186 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement.

34. Upon information and belief, Defendant, with knowledge of the '186 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literally or under the doctrine of equivalents, by its customers of one or more claims of the '186 Patent, in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Defendant has contributed to, and is contributing to, direct infringement of the '186 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management system and related products, and/or through the importation of its Insite™ and/or SP20 SmartTrash® waste management systems and related products before the expiration of the '186 Patent. Given the unique systems and methods claimed in the '186 Patent, the Insite™ and/or SP20 SmartTrash® waste management systems and related products have no substantial non-infringing use. In addition, upon information and belief, Defendant had actual knowledge of its customers' direct

11

infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement.

35. Plaintiff believes that Defendant will continue to infringe the '186 Patent unless and until Defendant is enjoined by this Court.

36. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '186 Patent, One Plus will continue to suffer irreparable harm.

37. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## COUNT II:
## INFRINGEMENT OF THE '261 PATENT

38. The allegations of preceding paragraphs 1-27 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

39. Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '261 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Insite™ and/or SP20 SmartTrash® waste management systems and related products and services.

40. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States

12

its Insite™ and/or SP20 SmartTrash® waste management systems before the expiration of the '261 Patent constitutes indirect infringement of one or more claims of the '261 Patent.

41. Upon information and belief, Defendant, with knowledge of the '261 Patent, and without authority, has actively induced, and continues to induce, direct infringement by its customers of at least one or more claims of the '261 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '261 Patent.

42. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Insite™ and/or SP20 SmartTrash® waste management systems and related products to monitor and manage waste container networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '261 Patent.

43. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Insite™ and/or SP20 SmartTrash® waste management systems and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, for example by publishing literature encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products in ways that infringe one or more claims of the '261 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement.

44. Upon information and belief, Defendant, with knowledge of the '261 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of one or more claims of the '261 Patent, in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Defendant has contributed to, and is contributing to, direct infringement of the '261 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, and/or through the importation the Insite™ and/or SP20 SmartTrash® waste management systems and related products before the expiration of the '261 Patent. Given the unique systems claimed in the '261 Patent, the Insite™ and/or SP20 SmartTrash® waste management systems and related products have no substantial non-infringing use. In addition, upon information and belief, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement.

45. Plaintiff believes that Defendant will continue to infringe the '261 Patent unless and until Defendant is enjoined by this Court.

46. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '261 Patent, One Plus will continue to suffer irreparable harm.

47. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## COUNT III:
## INFRINGEMENT OF THE '656 PATENT

48. The allegations of preceding paragraphs 1-27 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

49. Defendant has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '656 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, its Insite™ and/or SP20 SmartTrash® waste management systems and related products and services.

50. Upon information and belief, under 35 U.S.C. § 271, Defendant's making, using, offering to sell, and/or selling within the United States, and/or importing into the United States its Insite™ and/or SP20 SmartTrash® waste management systems before the expiration of the '656 Patent constitutes indirect infringement of one or more claims of the '656 Patent.

51. Upon information and belief, Defendant, with knowledge of the '656 Patent, and without authority, has actively induced, and continues to induce, direct infringement by its customers of at least one or more claims of the '656 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, intending to encourage, and in fact encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '656 Patent.

52. Upon information and belief, as part of and as a result of Defendant's inducement, Defendant's customers have used, and continue to use, the Insite™ and/or SP20 SmartTrash®

waste management systems and related products to monitor and manage waste container networks, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the '656 Patent.

53. Upon information and belief, Defendant actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Insite™ and/or SP20 SmartTrash® waste management systems and related products, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, for example by publishing literature encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management system and related products in ways that directly infringe one or more claims of the '656 Patent. In addition, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions induced direct infringement.

54. Upon information and belief, Defendant, with knowledge of the '656 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of one or more claims of the '656 Patent, in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Defendant has contributed to, and is contributing to, infringement of the '656 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Insite™ and/or SP20 SmartTrash® waste management systems and related products, and/or through the importation the Insite™ and/or SP20 SmartTrash® waste management systems and related products before the expiration of the '656 Patent. Given the unique systems and methods claimed in the '656 Patent, the Insite™ and/or SP20 SmartTrash® waste management systems and related products have no substantial non-infringing use. In addition,

16

upon information and belief, Defendant had actual knowledge of its customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendant's actions contributed to direct infringement.

55. Plaintiff believes that Defendant will continue to infringe the '656 Patent unless and until Defendant is enjoined by this Court.

56. Defendant, by way of its infringing activities, has caused and continues to cause One Plus to suffer damages in an amount to be determined, and has caused and is causing One Plus irreparable harm in the form of at least lost market share and loss of good will. One Plus has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '656 Patent, One Plus will continue to suffer irreparable harm.

57. One Plus is entitled to recover from Defendant the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, One Plus respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,360,186;

B. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,408,261;

C. Holding that Defendant has directly infringed, literally and/or under the doctrine of equivalents, and has indirectly infringed one or more of the claims of One Plus's United States Patent No. 6,687,656;

D. Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, affiliates, joint venturers, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of any of One Plus's Patents;

E. Permanently enjoining the infringing manufacture, use, offering for sale, and/or importation of products and services by Defendant;

F. Holding that Defendant's infringement is and has been willful;

G. Awarding to One Plus the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

H. Increasing the damages accordingly, pursuant to 35 U.S.C. § 284;

I. Declaring this to be an exceptional case and awarding One Plus's attorneys' fees under 35 U.S.C. § 285;

J. Awarding One Plus costs and expenses in this action;

K. Awarding One Plus pre- and post-judgment interest on its damages; and

L. Awarding One Plus such other and further relief in law or in equity as this Court deems just and proper.

## **JURY DEMAND**

One Plus Corp. under Rule 38 of the Federal Rules of Civil Procedure requests a trial by jury of any and all issues so triable.


Dated: December 11, 2015
Chicago, Illinois

                               McANDREWS, HELD, & MALLOY, LTD.


                           By:     /s/ *James P. Murphy*
                                    James P. Murphy, Esq.
                                    Robert F. Kappers, Esq.
                                    McAndrews, Held & Malloy, Ltd.
                                    500 West Madison Street, 34th Floor
                                    Chicago, Illinois  60661
                                    Tel:     (312) 775-8000
                                    Fax:    (312) 775-8100
                                    Email:  jmurphy@mcandrews-ip.com
                                    Email:  rkappers@mcandrews-ip.com,

                                    Attorneys for Plaintiff
                                    ONE PLUS CORP.